JOHN S. MORRISSEY *vs.* THE BRIDGEPORT TRACTION COM-
PANY.

Third Judicial District, New Haven, June Term, 1896. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN AND HAMERSLEY, Js.

In actions for negligence the duty or degree of care required of the respec-
tive parties is a question of law, and reviewable by this court upon
appeal.

The plaintiff's servant was driving a delivery wagon along the street on
the defendant's track, when he heard the gong of an electric car ap-
proaching from the rear, and looking back saw the car which was then
about 125 feet distant and running at its usual speed. The motorman·
saw the driver turn and look, and supposed he would get off the track
at once, as there was nothing to prevent. The driver however, in turn-
ing off took a long, slanting course, and the footboard of the car struck
his rear wheel as it was leaving the track, overturned the wagon and
injured the horse. ·The motorman did not check the speed of his car
until it was within 15 feet of the wagon, when he did all in his power
to stop it. His failure to slacken speed earlier was not willful, but due
to the belief that the car would not reach the wagon until it had cleared
the track. In an action to recover damages for the injury, it was *held*
that the plaintiff's servant was guilty of contributory negligence, which
precluded any recovery by the plaintiff.

[Argued June 2d—decided June 25th, 1896.]

ACTION to recover damages for injuries to the plaintiff's
·horse and wagon, alleged to have been caused by the defend-
ant's negligence, brought to the Court of Common Pleas in
Fairfield County and heard in damages to the court, *Curtis, J.;*
facts found and judgment rendered for the plaintiff for $178,
and appeal by the defendant for alleged errors in the rulings
of the court. *Error and judgment reversed.*

This was an action to recover damages caused to a horse
and wagon of the plaintiff, by a collision with a car of the
defendant. The wagon was being driven by a servant of
the plaintiff. · There· was a hearing in damages and substan-
tial damages were awarded. ˙ The defendant appealed.

The finding of facts is as follows: " 1. On the afternoon
of August 17th, 1895, a servant of the plaintiff accompanied
by another person, ·was driving a covered delivery wagon

drawn by a single horse, south on Main street in the city of Bridgeport. 2. The defendant company at said time was lawfully operating a double track electric street car line upon said street. Its south bound cars were running upon the west track. 3. Said servant was driving said wagon so that its left wheels were about half way between the rails of said south bound track and its right wheels off the track on the west side of the street. 4. A south bound open car of said company conveying passengers, was approaching said wagon from the rear, at the usual rate of speed. The motorman saw the wagon going south as aforesaid, and when about 225 feet from the wagon began to ring his gong. 5. The speed of said wagon was about three fifths of that of the approaching car. 6. When the car arrived at about 125 feet from said wagon the driver heard the gong and turned and saw the car approaching. The motorman saw the driver turn and look toward the car and supposed that the approaching car had been seen and heard by the driver. 7. The driver of said wagon then began to turn to the west to drive off said track, but instead of making a short turn off the track he took a diagonal direction to the west, which carried his left wheels between the rails, but gradually approaching the west rail, for about 90 feet, when said wheels passed over the right rail and so off the track. The driver did not again look toward the car and supposed he was passing off the track in time to avoid the car. He did not check the speed of his horse. 8. The said car meanwhile approached said wagon from the rear. Its headway was unchecked until it arrived within about 15 feet from said wagon, whose rear left wheel was just about to pass off the track. 9. The motorman saw that the driver of said wagon was turning the same from said track after he heard the gong, and that he was taking a long slanting turn and maintaining the same in apparent confidence, but the motorman, with the wagon in full view, continued to run his car with speed unchecked until within 15 feet of said wagon. 10. The motorman then did all in his power to stop said car, but the side board step which extends along the car 12 inches beyond the track from

the center of the rail, caught said rear left wheel and over-turned the wagon and injured the same and the horse attached to it. 11. The action of the motorman in not slacking his speed and thus avoiding striking said wagon was not willful, but due to the belief that the car would not reach the wagon, as it was proceeding, before it was out of reach of the car. . . . 13. The distance between the west curb line of said street and the west rail of said tracks was about 9 feet. Said wagon was 5 feet 6 inches in width. There was nothing to prevent said wagon from going directly to the west side of the track at any time after notice of the approach of said car, and said west side of the track was a place of safety. . . . 15. Said car could have been stopped within 30 feet at the rate it was moving, as unchecked it was approaching the wagon. 16. I find upon the foregoing facts that the plaintiff's servant was not guilty of negligence, and that the defendant company was guilty of negligence."

*Morris W. Seymour* and *Howard H. Knapp*, for the appellant (defendant).

*James A. Wilson* and *Edward P. Nobbs*, for the appellee (plaintiff).

ANDREWS, C. J. If the court required of the defendant a higher degree of care in the management of its car than the law imposes, or if the court required of the plaintiff's driver a lower degree of care in driving his wagon so as to avoid a collision with the defendant's car, than the law requires, then, in either case there is an error of law which may be reviewed by this court.

The driver heard the gong of the approaching car, turned and saw the car coming behind him at a rate of speed greater than his own, when he was one hundred and twenty-five feet away. His wagon was partly on the track of the defendant. It was his duty to drive off the track without loss of time. He did not do so, but continued along on the track where he knew he was in danger of being hit, and where the wagon

was hit as soon as the car overtook him. This conduct was negligent. It was an omission to use ordinary care which contributed to the injury complained of, and precludes any recovery for that injury, unless the conduct of the motorman on the car obviated the effect of that negligence. It is true that the motorman did not lessen the speed of the car, until the car was within fifteen feet of the wagon. He might rightfully act on the presumption that the driver would drive off the track before the car reached him. *Andrews* v. *N. Y. & N. E. R. R.*, 60 Conn. 293, 299; *Glazebrook* v. *West End St. Ry.*, 160 Mass. 239; *Everett* v. *Los Angeles Consol. Electric Ry.*, 43 Pac. Rep. 207. And he had no duty to slacken his speed until he was made aware that the driver was not going to turn out. The wagon could have been removed from all danger in a less distance than the fifteen feet, for there was nothing to prevent the driver from turning to the west and into a place of safety. As soon as the conduct of the driver indicated to the motorman that the wagon was not to turn out of the way, the motorman did everything in his power to prevent injury. He did not rush upon the wagon. At no time was he reckless or willful. He did nothing which relieves the plaintiff from the effect of the driver's negligence. *Birge* v. *Gardner*, 19 Conn. 507; *Rowan* v. *N. Y., N. H. & H. R. R.*, 59 id. 364; Cooley on Torts, 674. The ruling of the court on this part of the case seems to assume that it is the duty of the defendant to so manage its cars, that vehicles on its tracks if "in full view" of the motorman, shall not in any event be injured, however careless the driver of the vehicle may be. We do not understand that the law affords any such immunity to the drivers of vehicles, or imposes any such duty on motormen. *Nolan* v. *N. Y., N. H. & H. R. R.*, 53 Conn. 461, 472. We think there was error in holding that the negligence of the driver did not contribute to the injury.

There is error and the judgment is reversed.

In this opinion the other judges concurred.