## Martin Rozycki *vs.* The Yantic Grain and Products Company.

Second Judicial District, Norwich, October Term, 1923.

Wheeler, C. J., Beach, Curtis, Keeler and Kellogg, Js.

Where, as in the present case, the determination of whether one ex-
ercised reasonable care or not, depends upon whether he acted as
an ordinarily prudent person would have acted under like cir-
cumstances, the question thus presented is one of fact, and the
conclusion of the trier thereon, unless unreasonable, is final.

The question whether the trial court, upon the facts found, has applied
the correct standard of care to the conduct of a litigant, is one of
law and is reviewable by this court on appeal.

The mere fact that a plaintiff, driving his properly equipped automobile
at a reasonable speed, is unable to stop it on a slippery road and
during a severe storm, in time to avoid a collision with a motor-
truck left standing unattended in the highway at night without
any tail-light, does not necessarily and as matter of law establish
negligence upon his part; for the question still remains whether
his conduct, in view of all the attendant circumstances and con-
ditions, measures up to that of an ordinarily prudent person, which
is the standard required by law in this State.

An automobile driver on the highway has the right to assume that
others driving cars will observe the rules prescribed by law respect-
ing lights upon the rear of their vehicles.

Argued October 16th—decided November 17th, 1923.

Action to recover damages for injuries to the person
and automobile of the plaintiff, alleged to have been
caused by the defendant's negligence, brought to and
tried by the Court of Common Pleas in New London
County, *Waller, J.;* facts found and judgment ren-
dered for the plaintiff for $726, and appeal by the de-
fendant. *No error.*

The trial court found that on October 23d, 1922, at
about quarter past six in the afternoon, a driver em-
ployed by defendant was operating an auto truck
belonging to it southerly on the road leading from Nor-

wich Town to Norwich, and that owing to the break-
ing of the pump shaft he stopped the truck, and left
it on the highway and proceeded to a telephone sta-
tion to communicate with his employer.  He stopped
the truck in the highway with its rear projecting at a
considerable angle from the curb so that its front wheels
were near the gutter on the westerly side of the high-
way, which was the right-hand side thereof as the de-
fendant's driver proceeded along the highway, and so
that the rear part of the truck was close to the middle
of the highway.  He left the red tail-light on the truck
unlighted, and had the same been in fact lighted it
was so obscured by mud and was so placed upon the
truck that in the position in which the truck was left,
the light could not have been seen by a person ap-
proaching from the rear.  The driver left the truck
unattended, and made no examination to discover
whether the light if lighted, could have been seen by
one approaching from behind.  After the collision the
driver lighted the red light.  At the time the truck
was stopped, it was dark, thundering and lightening
and raining hard.

Within a few minutes after the driver left the truck
the plaintiff, operating a touring car going in a southerly
direction along this highway, collided with the truck,
and the right rear body of the car came into contact
with the left rear part of the truck.  Prior thereto plain-
tiff was operating his car at a reasonable speed, having
regard to the width, use and condition of the highway,
the traffic thereon, the time of day and the condition
of the weather, and had full and complete control of
his car, which he was driving at the rate of about twelve
miles an hour, and by reason of the condition of the
weather and of the highway could not see ahead for a
distance of over twenty feet.  The plaintiff did not
discover the truck until he was within ten or twelve

feet of it, and was so close that he was unable to stop his car in time or within a sufficient distance to avoid collision with the truck.

The surface of the highway for about one thousand feet back from the place of collision was of macadam and wet and slippery. There was nothing on the rear of the truck to warn a person approaching it from the rear. The plaintiff's car was fully and adequately equipped with brakes and proper headlights. The damage to the car from the collision was $550, and the plaintiff received personal injuries by reason of the collision confining him to his bed and home for two weeks and preventing him for a long time from attending to his business.

The trial court reached the conclusion that the proximate cause of the collision was the negligence of the defendant's employee in leaving the truck in the situation described on the highway unattended and without a red signal lighted on the rear of the truck, and that the plaintiff at the time of the collision was operating his automobile in the exercise of all due care on his part and was free from any negligence materially contributing to the cause of the collision. The plaintiff had judgment for $726.

The defendant made the following claims of law: 1. That the plaintiff while operating his motor-vehicle at night was bound to drive at a rate of speed that would enable him to stop his motor-vehicle within the distance that he could see or distinguish an object in the highway ahead of it. 2. That the plaintiff was guilty of contributory negligence in operating his motor-vehicle at night at such a rate of speed that he could not stop his motor-vehicle within the distance that he could see or distinguish an object in the highway ahead of him.

The defendant assigns error in the overruling of

these claims, and also contends that the conclusion of the trial court is not sustained by the facts found and does not logically follow therefrom.

*Charles V. James,* for the appellant (defendant).

*Edwin W. Higgins,* for the appellee (plaintiff).

KEELER, J. In attacking the conclusion arrived at by the trial court, defendant urges that the plaintiff was bound to exercise due care, which due care must be inferred from relevant facts, and specifically, that due care is not shown if one drives his car at such a rate of speed that he cannot bring it to a standstill within the distance in which he can easily see objects or obstructions ahead of him, and that this rule applies when, on account of a blinding storm, the driver can see but a short distance ahead of his machine.

The claim of defendant is that it appears from the facts found that the plaintiff was proceeding at a rate of about twelve miles an hour and by reasons of prevailing conditions could not see ahead more than a distance of twenty feet, that he did not see the truck until he was within ten or twelve feet of it, and was unable to stop his car in time or within a sufficient distance to stop or to turn out sufficiently to avoid the collision. To these facts he applies the claimed rule of law stated just above, as establishing a standard, and excluding the application of the rule founded on the care to be observed by a prudent man.

The defendant supports its contention by citation of authorities from a number of States. The facts in some of the cases cited can be distinguished from those existing in the instant case, but the general doctrine running through them all is in consonance with defendant's claim. The cases cited are from States

which apparently enforce the rule that the question of negligence on a given state of facts is almost entirely one of law. There are other jurisdictions in which a different and contrary rule obtains, and authorities may be collected from the latter which give a much greater scope of inquiry to the trier or triers in making the determination in a given case a question of fact. We do not deem it necessary to cite or discuss either line of cases, since our own decisions furnish adequate material for the determination of the questions arising in the present case.

The rule established in *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 21 Atl. 675, 22 id. 544, and since followed in numerous adjudications, is that when not only the facts constituting the conduct of the parties, but also the standard of care, are to be determined by the court or jury, as the case may be, then the case is entirely one of fact, and the conclusions of the trial tribunal are not reviewable. The trial court applied the standard of the care ordinarily to be expected from a prudent person, and we think rightly. We cannot say that the finding of freedom from contributory negligence on the part of the plaintiff is not legally and legitimately derived from the subordinate facts found. The facts in the case do not disclose any ground for a standard of conduct derived either from express legal enactment or the universal custom and practice of the community. The question of the standard of care was clearly, then, one of fact for the trial court, and not reviewable.

It is true that the question whether on the facts found the court has held the plaintiff to a less exacting standard than the law requires, becomes one of law and is reviewable. *Morrissey* v. *Bridgeport Traction Co.*, 68 Conn. 215, 35 Atl. 1126; *Snow* v. *Coe Brass Mfg. Co.*, 80 Conn. 63, 66 Atl. 881; *Seabridge* v. *Poli*,

98 Conn. 297, 119 Atl. 214. But we cannot see that in this case the trial court in any way failed to apply a correct standard. The case, as the subordinate facts are found, presented for consideration the questions of light, visibility, speed, weather, the condition of the road, situation of the two motor-vehicles, and the acts of their drivers; in short, such conditions as are constantly presented in litigation of this character, and in the decision of which the standard of conduct of a prudent person is uniformly applied.

In seeking to apply the rule claimed by it, the defendant leaves out of consideration two important particulars: the slippery condition of the road, and the absence of a red light upon the truck. It contends that the speed of the motor-vehicle should be such that the same might be stopped within the space covered by the visibility of any object or obstruction to the driver of the car. This claim assumes an ordinary road in ordinary condition, and does not allow for any slippery condition obtaining on its surface; but what is of more importance, generalizes the term "object," and makes it equivalent to any object whatever. No such application should be made in the case under consideration, which is not concerned with any object in the abstract, but with an auto truck not provided with a red tail-light properly displayed. As bearing upon the claimed contributory negligence of plaintiff, we are to inquire whether had the red light been properly lighted and displayed, the plaintiff traveling at the rate at which he was going in a severe thunder storm with blinding rain over a slippery road ought to have seen the truck light in time to stop or safely pass. The plaintiff had a right to assume that to a reasonable extent other drivers on the highway would observe the rules as to lights by law prescribed. *Andrews* v. *New York & N. E. R. Co.*, 60 Conn. 293, 299,

22 Atl. 566; *Plant* v. *Connecticut Co.*, 87 Conn. 310, 315, 87 Atl. 794; *Russell* v. *Vergason*, 95 Conn. 431, 436, 111 Atl. 625. We have also noted the fact that substantial objects according to their coloring or composition are visible in greatly varying degrees when artificial light is thrown upon them. *Baldwin* v. *Norwalk*, 96 Conn. 1, 6, 112 Atl. 660.

The trial court was clearly right in overruling the defendant's claim as to the standard to be applied, and in holding that the proximate cause of the collision was the lack of the tail-light and the position of the truck upon the road, and that plaintiff was not negligent. We also observe that the instant case is on all fours with the recent case of *Rice* v. *Foley*, 98 Conn. 372, 119 Atl. 353, in which we held that the question of negligence was one of fact for the court, and that its conclusions were properly derived.

There is no error.

In this opinion the other judges concurred.