ALBERT SCHUSTER *vs*. EARL D. JOHNSON ET AL.

First Judicial District, Hartford, January Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 3d—decided March 2d, 1929.

*Louis M. Schatz,* with whom was *Joseph I. Kopelman,* for the appellant (plaintiff).

*Edward W. Broder,* for the appellees (defendants).

BANKS, J.  On the night of February 6th, 1927, the plaintiff was driving his automobile in a northerly

direction upon a long steep hill in the town of Newington, and came into collision with a Mack truck, owned by the defendants and in charge of their employee. The surface of the highway was wet and slippery by reason of an accumulation of ice and snow, and the vision of the plaintiff was rendered extremely difficult because of a heavy fog and continuous downpour of rain and sleet which froze on his windshield. The freezing of the sleet upon the windshield prevented the operation of the windshield wiper, and the plaintiff lowered the window in the door at his left and obtained a view of the road by keeping his head out of the window. The sleet also had the effect of reducing the rays from the plaintiff's headlights. The plaintiff at the time of the collision was proceeding at a speed greater than twenty miles an hour and his tires were not equipped with tire chains. About half way up the hill a Garford truck owned by the defendants was parked off the highway on the west side of the road facing east, and its lights cast a faint ray across the road. About fifty feet north of the Garford truck the defendants' Mack truck was parked horizontally across the road, its front end being just over the center of the road, so that the truck totally obstructed the westerly portion of the road and part of the easterly portion. The lights upon the Mack truck were lighted, but were not easily discernible to one approaching from the south because they shone across rather than along the highway. The plaintiff first saw the Mack truck when he was within a few feet of it and turned sharply to the right, but his left front door came into collision with the right front bumper of the truck. The trial court found that both parties were negligent, that the negligence of the plaintiff consisted in the operation of his car at too high a rate of speed and without tire chains, under the existing

weather conditions, and that his negligence essentially and materially contributed to the collision.

The sole question upon this appeal is whether the court's conclusion that the plaintiff was guilty of contributory negligence finds support in the subordinate facts. The plaintiff contends that since the court has not specifically found that the use of tire chains would have prevented this accident, or that the accident would have been avoided by operating at a lower rate of speed, it does not appear from the finding that either the failure to use chains or the speed of plaintiff's car essentially and materially contributed to the accident. The contention is unsound. When the court finds the specific acts of negligence complained of and states among its conclusions that those acts essentially and materially contributed to produce the accident, it is necessarily implied that, had it not been for them, the accident would not have occurred, and in the absence of any facts indicating the contrary a failure to make an express finding to this effect cannot invalidate the judgment.

The finding discloses that the weather conditions and the condition of the surface of the highway upon the night in question were such as to render driving exceedingly hazardous, and to require upon the part of the driver of a car a degree of care in proportion to the hazard involved. The speed at which an automobile may be safely operated upon the highways depends, as we have frequently said, upon the state of the traffic, weather, and other conditions existing at the time. We cannot say that, as a matter of law, under the conditions prevailing at the time of this accident, which could not well have been worse, it was not negligent for the plaintiff to operate his car at a speed in excess of twenty miles an hour. Whether the conduct of the plaintiff measured up to the standard

of care—that of the ordinarily prudent man—was, under the circumstances, a question of fact for the trial court and its conclusion is not reviewable. *Rozycki* v. *Yantic Grain & Products Co.,* 99 Conn. 711, 122 Atl. 717; *Camarotta* v. *Kling,* 108 Conn. 602, 143 Atl. 881.

There is no error.

In this opinion the other judges concurred.