WILLIAM RUBIN *vs.* INDEPENDENT FORWARDING COMPANY ET AL.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, Js.

Argued January 2d—decided February 6th, 1935.

*Charles J. McLaughlin,* for the appellants (defendants).

*Joseph N. Manfreda,* with whom, on the brief, were *Jacob Belford* and *Lawrence C. Caplan,* for the appellee (plaintiff).

BANKS, J. The trial court found the following facts: The defendant Silva was driving a truck owned by the named defendant south on the highway between Meriden and Wallingford about 2 a.m. when he discovered that he was running out of gasoline. He started to turn around to go back to Meriden for more gasoline, but when he was partly turned the motor stopped and he was unable to proceed further. The truck was of the type used to transport automobiles, consisting of a tractor twelve to fourteen feet long to which was attached a trailer twenty-five feet long on which three automobiles could be loaded, but which was then empty. The trailer was about three feet in height and had no side boards. It was painted green with crimson wheels. As they stood on the highway after the motor stopped, the tractor and trailer extended entirely across the concrete portion of the road in a diagonal fashion facing just north of east, the rear

end of the trailer extending a few feet onto the west shoulder of the road. McKenzie, the operator of another truck, arrived on the scene shortly thereafter and backed his truck onto the easterly side of the road with the intention of towing defendants' truck off the road. The headlights of the McKenzie truck threw their beams directly north along the east side of the road and into the vision of anyone approaching from the north. At Silva's request, Eagan, a bystander, started to walk north with a flashlight to warn traffic coming from that direction. Before he had gone more than ninety feet, the plaintiff, operating a Plymouth roadster at a speed between thirty-five and forty miles an hour, came over the brow of the hill five hundred feet north of the stalled truck. Eagan, who was on the east side of the road, waved his flashlight which the plaintiff saw when he was fifty to one hundred feet away, but gave no thought to stopping since the light was on the east side of the road. The plaintiff continued on his own side of the road until he reached a point about twenty-five feet from the trailer, which suddenly loomed up across the road and which he had not seen up to that point. He applied his brakes and veered sharply to his right but struck the extreme left rear end of the trailer. The trailer truck had been stalled upon the road between twenty and thirty minutes during which time it had no lights upon it which could be seen by anyone coming from the north. There was a slight haze, the night was dark, and there were no street lights nearby.

The court found that Silva was negligent in attempting to turn the trailer truck around when he knew that his gasoline supply was short, and in failing to place lights on it after the motor had stalled, and also found that the plaintiff was free from contributory negligence. That, upon the finding, even if corrected

in accordance with defendants' claims, Silva could reasonably be found negligent does not appear to be seriously controverted. The defendants seek to have the finding corrected, and contend that, upon the finding as it should be corrected, the court could not reasonably have found that the plaintiff was in the exercise of due care. Two only of the corrections claimed are of sufficient materiality to warrant discussion. Defendants seek to have the finding that Eagan was on the east side of the road when he waved his flashlight, changed to a finding that he was standing on the concrete roadway about three feet from the westerly edge of the concrete, so that it would appear that the plaintiff had the warning of a light directly in his path instead of such as might be furnished by one on the east side of the road. Eagan did testify that he stood on the concrete about three feet from its westerly edge. Both the plaintiff and a passenger in his car, however, testified that the flashlight was on their left or the east side of the road, and with this conflict in the evidence this finding must stand.

The court found that the headlights of the McKenzie truck threw their beams into the vision of one coming south, and that, because of the absence of any light on the stalled trailer, and of these headlights in the vision of the plaintiff, it was impossible for him to see the trailer before he did so. The plaintiff himself testified that he saw no lights on the McKenzie truck, the only light he saw being the flashlight carried by Eagan. In view of this testimony the existence of the headlights of the McKenzie truck in the plaintiff's line of vision as affecting his ability to see the unlighted trailer must be stricken from the finding. This does not, however, leave the court's conclusion that the plaintiff was free from contributory negligence without support from the other facts

found and not subject to attack. The obstruction which confronted the plaintiff was the low open body of the trailer—only three feet high. His failure to see an object of that character against a dark background on a dark night at such a distance as to be able to avoid a collision with it cannot be held to establish a lack of due care on his part as a matter of law. *Baldwin* v. *Norwalk*, 96 Conn. 1, 6, 112 Atl. 660; *Schmeiske* v. *Laubin*, 109 Conn. 206, 210, 145 Atl. 890. We cannot disturb the court's conclusion that the plaintiff was free from contributory negligence.

There is no error.

In this opinion the other judges concurred.