## HAROLD A. DAVIS

vs.

## C. & M. AUTO FORWARDING COMPANY

Superior Court          Fairfield County          File #52450

MEMORANDUM FILED SEPTEMBER 15, 1938.

Wilson, Mountain & McAlenney, of Bridgeport, for the Plaintiff.

Pullman & Comley, of Bridgeport, for the Defendant.

CORNELL, J.   It is not disputed on the evidence that the plaintiff sustained personal injuries and that his car was damaged as a result of a collision of the latter with the defendant's trailer truck on the northerly side of the Boston Post Road at Southport, on the night of November 18, 1936; nor that at the time of the impact between the two vehicles, the defendant's truck was standing on its extreme right hand side of the highway headed west, and that the plaintiff's car,

proceeding west, also, on the same panel, collided with it, striking it in the rear.

The negligence alleged consists of the violation of two statutes, viz., section 1598 of the General Statutes, Revision of 1930, subsections (a) and (f), and section 611c of the Cumulative Supplement to the General Statutes (1935), subsection (a). The first mentioned of these, provides, *inter alia*: "Each motor vehicle so operated shall display a red light from behind and a white light shall be so arranged as to illuminate a rear number plate as provided by law; provided any commercial motor vehicle shall, in addition to such rear lights, be equipped with a reflector of such size, color and type as shall be approved by the commissioner, so located at the rear of such vehicle as to reflect rays of light thrown upon such reflector." Subsection (f) of the same statute reads: "Each motor vehicle, when standing upon a public highway during the period from one-half hour after sunset to one-half hour before sunrise, shall show at least one light in front, such light to be on the side nearest to the center of the road and shall display at least one red light in the rear, but this provision shall not apply to any motor vehicle in a place and under conditions where there is sufficient artificial light to make such motor vehicle clearly visible from a distance of not less than two hundred feet in every direction." Subsection (a) is mentioned because of the allegation included in paragraph 4 of the complaint to the effect that there were no "reflectors showing upon the rear of said truck." It is found that the plaintiff has failed to sustain the burden of proof with respect to this.

Plaintiff lays his chief reliance not upon a lack of lighting equipment on defendant's truck, but upon a neglect to have the lights with which it is equipped, illuminated. This, of course, is a question of fact. *Baldwin vs. Norwalk,* 96 Conn. 1, 7. The weight of the evidence is against plaintiff's claim that the trailer was without such lights or reflectors as is required by statute when such a vehicle stands on the highway and, on the contrary, tends to rebut the contention. Without indulging in a complete analysis of the evidence on the point, the following may be noted:

At 10:00 o'clock P.M., when Officer Fratino passed defendant's truck, its lights were aglow; between 10:15 P.M., and up to about five minutes before the instant of impact, Mr. Walter had observed that the headlights were burning, at

various intervals; immediately after the accident when plaintiff's car was still behind the defendant truck, the Commette car passed and its driver observed that the line of lights along the left side of the trailer were lit and that one tail light was aglow. His view of the other tail light, as well as that of his mother was obstructed by the position of plaintiff's car. All of this is, so far as the evidence discloses, the testimony of disinterested witnesses. When to it is added the undisputed statements of the driver of the defendant's vehicle, that "all of the lights were hooked on a single unit and you cannot operate any independent of the others" and that "the parking lights put the whole circuit on—all together", the conclusion is quite compelling that the plaintiff is mistaken in his impression that the trailer truck was not lighted in accordance with the requirements of the statute immediately before and at the time of the collision.

The other statute claimed to have been violated (viz., Cum. Supp. [1935] §611c), requires that the operator of a commercial vehicle shall set out flares, etc., visible at least two hundred feet in front and rear of such a truck on a highway, in the period between one-half hour after sunset and one-half hour before sunrise, "when such vehicle has become stalled or is in such condition that it cannot be operated." There is no evidence that the defendant truck was either "stalled" or incapable of operation and was halted for either of these reasons. The driver's testimony is that he stopped the truck because, by reason of the temperature, his view was being obscured because of water being dashed upon the windshield from the radiator since, due to the presence of a blanket over the radiator, the water in the circulating system was boiling. The purpose of the halting of the truck was to remove the blanket, cleanse the windshield of ice formed thereon from the spray and to allow the water in the radiator to cool. It is not perceived that such a situation falls within the statutory concept of an incapacity of operation. It is, hence, concluded that there was no violation of the statute, under the circumstances detailed in that respect.

On the other hand the plaintiff was guilty of negligence in that, according to his own testimony, the forward lights which he displayed were sufficient to disclose objects and vehicles upon the highway in front of him to a distance of about 50 feet (deposition, p. 21), which was in violation of the statute (Cum. Supp. [1935] §608c); and in that (if, as found

here) in not observing the presence of defendant's trailer truck with its lights aglow, he failed to maintain a reasonably vigilant lookout and a proper control over the speed and movements of his car. The former might not be accounted a proximate cause of the collision if, as determined, the defendant truck was alight, but the latter, on the same premise must be found to have been. It results that the driver of the defendant truck was not negligent as alleged and that the sole proximate cause of the collision was negligence on the part of the plaintiff.

Judgment for the defendant.