BERTHA DOBERRENTZ *v.* EDWIN GREGORY ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued April 10—decided May 8, 1942.

*Arthur T. Keefe* and *L. Horatio Biglow,* for the appellant (defendant John Gregory).

*Charles V. James,* with whom were *Morris H. Broder* and, on the brief, *Arthur M. Brown,* for the appellee (plaintiff).

BROWN, J. On the evening of January 12, 1940, the plaintiff upon the invitation of John Gregory, herein referred to as the defendant, accompanied him in a Chevrolet coupe, which he had borrowed from his brother, on a trip from Colchester to Norwich. It snowed while they were there and when they were about to start back it was raining and freezing. As a result the highway was in a slippery condition which the plaintiff observed, and she entered the car knowing the hazardous and dangerous condition of the road they were to travel and that the conditions were getting worse. Before she got in, however, the defendant assured her that the conditions were all right for travel, and after they had started he told her that he could handle the car all right and not to worry. The plaintiff, who could only see out through the part of the windshield cleared by the single wiper in front of the defendant driver, observed that it was sleeting and that other cars were going along all right. The defendant again assured her that the road conditions were all right and that she had no need to worry. She believed this and relied upon it and, being unfamiliar with the operation of motor vehicles, left the operation of the car entirely to him and dozed off, resting her head on the back of the seat. As the defendant drove toward Colchester he proceeded northerly around several sharp curves just before he came to a point in front of the Samuel Huntington School in Norwich Town. He was driving along a part of West Town Street where state highway reflector signs indicated thirty miles per hour as the maximum speed for vehicles going in that direction. He was familiar with the road. This portion of the highway is macadam with a four-inch crown and at the time was covered with snow and ice, with the conditions rapidly becoming more hazardous, all of which the defendant knew

and appreciated. He drove over this stretch of high-way at the rate of about thirty-five miles per hour and just before reaching a point in front of the school applied his brakes for the purpose of checking his speed, causing the car to skid into a telephone pole on the southwesterly edge of the road. Serious injuries resulted to the plaintiff, who was asleep and oblivious of the operation of the car immediately preceding the collision. The defendant applied his brakes so that he might have the car under better control because of the increasingly hazardous conditions. Before applying them he had throttled down the motor, and when he felt the car slipping sideways he immediately released the brakes and tried to control its speed and course to prevent the collision, but was unable to do so. The brakes and tires were in good condition.

The court found these material facts, and concluded that: (1) the defendant was proceeding at an unreasonable rate of speed, in view of the circumstances, which required him to brake his car at the time and place when a skid might be expected, and he was operating the car in a way to endanger the life and limb of the plaintiff; (2) the defendant's negligent operation of the car was the sole and proximate cause of the plaintiff's injuries; (3) the plaintiff was free from contributory negligence and assumed no risk of the injuries received. The defendant has assigned error in each of these conclusions. The court's determination that the defendant was negligent in the manner stated in its first conclusion is amply warranted by the facts found. It is manifest that the court could properly find as it did in deciding the question of fact whether, in view of the speed limit signs, the layout of the road, the poor visibility, the extremely slippery condition of the highway surface and his knowledge of the situation, the defendant was driving faster at the time he applied his

brakes than a reasonably prudent man would under the circumstances. See *Schuster* v. *Johnson,* 108 Conn. 704, 706, 145 Atl. 29. It could further reasonably conclude that this negligence of the defendant, in proceeding at the speed he did, made it necessary that he then apply his brakes, which action in turn, as the undisputed facts demonstrate, eventuated in the skid, collision and injury to the plaintiff. See *Nirenstein* v. *Sachs,* 117 Conn. 343, 345, 167 Atl. 822.

In the finding as originally made by the trial court was a statement that the defendant had his car under control and that it did not get out of control until the brakes were applied. The defendant filed an assignment to the effect that in view of this finding the conclusion of the court that the defendant was proceeding at an unreasonable speed, requiring him to apply his brakes, with the resulting skid of the car, was necessarily erroneous. The trial court then struck out the finding as ambiguous and unnecessary in view of the other findings. The defendant strenuously claims that this action of the court was improper. The finding as made might have been interpreted either as meaning, in accordance with the defendant's own testimony, that he had no difficulty in driving the car previous to applying his brakes, that is, that he had been able to direct its course and regulate its speed; or it might have been interpreted as having its "technical sense" of ability on his part "by the proper use of the mechanism to guide the car or bring it to stop with reasonable celerity"; *Kalamian* v. *Kalamian,* 107 Conn. 86, 88, 139 Atl. 635; an interpretation which would make this finding inconsistent with the other findings made. These are sufficient to present the case to us for review. The trial court did not commit error in striking out the finding in question; nor is the defendant entitled to have it restored; the most he could

claim was a finding in accordance with his testimony, to which we have referred, and that would not avail him on this appeal.

Upon the issue of the plaintiff's contributory negligence it is so that she put her head back and went to sleep knowing that the road was slippery, hazardous and dangerous, and that the conditions were becoming worse. It was the court's duty, however, to consider this conduct in connection with the further pertinent facts as to her limited opportunity to see out, her unfamiliarity with the car's operation, her observation of other cars proceeding without difficulty and her belief in and reliance upon the defendant's assurances. Whether the plaintiff was contributorily negligent under the circumstances was a question of fact for the determination of the court, and we cannot say in view of the facts referred to in the preceding sentence that it was unwarranted in concluding that the plaintiff fully met the very limited duty which rested upon her as a passenger. *Clarke* v. *Connecticut Co.,* 83 Conn. 219, 223, 76 Atl. 523; and see *Bushnell* v. *Bushnell,* 103 Conn. 583, 593, 131 Atl. 432. With the defendant's negligence and the plaintiff's freedom from contributory negligence established, the conclusion that his negligence was the sole cause of her injuries is not open to question. To charge a plaintiff with assumption of the risk it must appear that he knows or ought to know and comprehend the peril to which he is exposed and, having such knowledge and comprehension, continues of his own volition to subject himself to that peril. *Ballou* v. *Jewett City Savings Bank,* 128 Conn. 527, 531, 24 Atl. (2d) 260. Since there was nothing to charge the plaintiff with either knowledge or comprehension of the risk of the defendant's negligent driving, the court's conclusion that she did not assume the risk was correct. *Freedman* v. *Hurwitz,*

116 Conn. 283, 288, 164 Atl. 647; *Marks* v. *Dorkin,* 105 Conn. 521, 524, 136 Atl. 83. None of the other claims of the defendant merit mention.

There is no error.

In this opinion the other judges concurred.