C. A. JOHNSON, INC., ET AL. *v.* JOHN E. BRUCE ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued November 8—decided December 5, 1945.

*Maxwell H. Goldstein,* for the appellant (defendant Susan Bruce).

*Frederick C. Hesselmeyer,* with whom were *Peter B. Terenzio* and, on the brief, *Herbert L. Emanuelson,* for the appellees (plaintiffs).

PER CURIAM. The parties in this action, in complaint and counterclaim, charged each other with negligence in the operation of a motor vehicle, each claiming property damage. The trial court found the issues for the defendants on the complaint and for the plaintiffs on the counterclaim. The defendant Susan Bruce has appealed from the judgment on the counterclaim.

The finding, which is not subject to material correc-

tion, contains the following facts: Middletown Avenue is a two-lane concrete highway running generally north and south, twenty feet in width, with shoulders six to seven feet wide on either side. On January 15, 1943, at about 8 o'clock in the morning, when the roadway was covered with ice, the plaintiffs' half-ton truck was being driven north on the avenue at a speed of twenty to twenty-five miles an hour when the defendants' car, approaching from the north on a downgrade about one hundred yards from the truck, started to skid and, after making three complete turns without a slackening of its speed, collided with the truck, which had been slowed down and driven partly onto the east shoulder of the road. The defendants' operator knew of the icy condition of the road. He was driving at a speed of about twenty-five miles an hour. His front tires were smooth, his rear tires were worn, the tires were not equipped with chains, and he applied his brakes on a downgrade. We cannot say that the trial court was unreasonable in its conclusion that the defendants were negligent under these circumstances. *Schuster* v. *Johnson,* 108 Conn. 704, 706, 145 Atl. 29; *Bree* v. *Lamb,* 120 Conn. 1, 5, 178 Atl. 919. Whether the failure to use chains was negligence was a question of fact for the trial court. *Witek* v. *Southbury,* 132 Conn. 104, 109, 42 Atl. (2d) 843. The appealing defendant makes the further claim that even if her driver was negligent in causing her car to skid, the supervening negligence of the plaintiffs was the real cause of the collision. Reference to the defendant's counterclaim and draft finding shows that the factual basis of her claim was that her car, after skidding, had come to a stop and that thereafter the plaintiffs' truck ran into it.

The claim of supervening negligence necessarily depends upon the substitution of the draft finding for the

finding. The issue was one of credibility and the trial court obviously believed the driver of the truck and disbelieved the defendants' driver.

There is no error.