## CLARA W. WARNER

### *v.*

## BEZALEEL WARNER.

1. To enable a defendant to avail himself of condonation as a defence to a suit for divorce, he must set it up either by plea or answer.

2. In case it has been omitted through mistake or unskillfulness in pleading, the court may, to prevent grave wrong, permit it to be interposed by supplemental answer, upon such terms as will afford the complainant an opportunity to disprove it.

3. Condonation is always conditional, the condition being that the pardoned party shall in the future treat the other with conjugal kindness.

4. The commission, subsequently, of any offence which falls within the cognizance of a matrimonial court, is a violation of the condition, and vitiates the pardon.

5. Evidence taken on a preliminary matter, especially before issue joined, cannot be read on final hearing, except under an order of the court.

On final hearing on bill, answer and proofs.

*Mr. R. B. Seymour,* for complainant.

*Mr. S. H. Baldwin,* for defendant.

THE VICE-CHANCELLOR.

This is a suit for divorce, founded on charges of **adultery.** The evidence in support of the charges leaves no doubt of their truth. Their truth is established so conclusively that I deem a reference to even the most material facts wholly unnecessary. But the proof of their condonation is almost equally strong. No such defence, however, is made by the answer. Can the defendant avail himself of it?

To enable a defendant to avail himself of condonation as a defence, he must set it up either by plea or answer. *Jones* v. *Jones, 3 C. E. Gr. 34; Smith* v. *Smith, 4 Paige 432.*

15

Actions of divorce, like all other suits *inter partes*, are subject to that wise and salutary rule which requires that the grounds of an action or a defence shall be clearly stated in the pleadings, in order that each of the parties may be distinctly informed what he is required to answer or meet, to the end that he may be afforded a full and fair opportunity to disprove whatever is alleged by his adversary, either to inculpate or in exculpation. It is an elementary rule that a defendant shall not have the benefit of a defence not disclosed by his answer, and a rigid adherence to this rule is so manifestly vital to the safe administration of justice that no consideration of policy or morals can ever justify a departure from it. It is quite as indispensable to openness and fairness in the administration of justice, that a complainant shall not be defeated in the vindication of his rights, by a defence unknown to the record, and which he has not had a full legal opportunity to meet and disprove, as it is that a defendant shall not be held answerable on a cause of action of which he has never been legally informed nor required to answer.

While it is clear the defendant cannot, in the present condition of the pleadings, avail himself of the defence of condonation, it does not follow that a decree must be pronounced contrary to truth and the very right of the case. Courts of equity do not permit truth and right to be sacrificed to preserve form, nor allow justice to be defeated, and wrong to triumph, on a mere mistake or unskillfulness in pleading. If necessary to the accomplishment of justice, the court may yet permit this defence to be interposed by supplemental answer, upon such terms as will afford the complainant a full opportunity to be heard in disproof of it. That course, however, is not necessary to the doing of justice. Enough now appears in the evidence to fully demonstrate that, if this defence had been properly set up, it would not have barred the complainant's right to relief.

Condonation is always conditional, the condition being that the pardoned party shall in the future treat the other

with conjugal kindness. And by this is meant that he shall not only refrain from a repetition of the offence forgiven, but shall also refrain from committing any other offence which falls within the cognizance of a matrimonial court. Chancellor Walworth at one time held a much more restricted view. He thought that nothing short of a repetition of the offence forgiven, or the doing of an injury *ejusdem generis,* should operate as a revival of the first (*Johnson* v. *Johnson, 4 Paige 460*); but this view was disapproved by the court of errors of New York, where, in the same case on appeal, it was said: "The good sense of the condition which accompanies condonation is, that the offending husband shall not only abstain from adultery, but shall, in the future, treat his wife with conjugal kindness. Hence, cruelty is a breach of the condition and revives adultery." *14 Wend. 643.* The contrary doctrine would render condonation practically unconditional; for, if a new adultery must be proved to revive the first, the revival is of no value or importance; for, in establishing the fact necessary to revival, a new and independent cause of action is established, sufficient for all purposes of justice and relief. The rule first stated is supported by sound policy and good sense, and is now the accepted doctrine of the English courts, and has been uniformly followed in this country, whenever occasion has arisen for its application, except in the instance already mentioned. *Durant* v. *Durant, 3 Eng. Ec. 323; D'Aguilar* v. *D'Aguilar, Id. 329; Popkin* v. *Popkin, Id. 325; Bramwell* v. *Bramwell, 5 Eng. Ec. 241; Worsley* v. *Worsley, 6 Eng. Ec. 249; Eldred* v. *Eldred, 7 Eng. Ec. 144; Palmer* v. *Palmer, 2 Sw. & Tr. 62; Dent* v. *Dent, 4 Sw. & Tr. 105; Johnson* v. *Johnson, 1 Edw. Ch. 439; Hoffmire* v. *Hoffmire, 3 Edw. Ch. 174, S. C. on appeal, 7 Paige 60; Odom* v. *Odom, 36 Ga. 286; 2 Bish. on Mar. & Div. § 63.*

The evidence leaves no room to doubt that the defendant has violated the condition on which his pardon was granted. Since he was pardoned, he has carried on a secret correspondence, under a fictitious name, with the woman with

whom he had been criminally intimate; he has also furnished her with money, and made her presents, and visited her without the knowledge of his wife. When his wife threatened to have his paramour arrested, he concerted measures for her protection. Indeed, it is impossible to believe, in view of the defendant's conduct, that his lascivious relations with his associate in guilt were ever entirely broken off. His treatment of his wife has been the very opposite of conjugal kindness, and deprives him of all right to plead her pardon as a bar to her suit.

It is proper to add, that the defendant, by his answer, in addition to a denial of the charges made against him, prefers counter-charges. He says his wife has also been guilty of adultery. No attempt has been made, since his answer was filed, to prove the truth of these charges. In the proofs taken before answer, on the question as to which of the parties should have the custody of the children pending the suit, some testimony was given having a tendency to support the truth of one of these charges, but the complainant, by her own oath, in that proceeding, either fully denied or explained every accusing fact or circumstance. She was a competent witness on the question then before the court. Evidence taken on a preliminary matter, especially before issue joined, cannot be read on final hearing except under an order of the court. *Holcombe* v. *Holcombe,* *2 Stock. 285; Underhill* v. *Van Cortlandt, 2 Johns. Ch. 355.* No such order was applied for, nor was the testimony read on final hearing, nor has it been considered. In the proceeding before the court in which the incriminating evidence was taken, the complainant could, with safety, rely on the counter-evidence furnished by her own oath, but the situation is now entirely changed; her evidence is not competent on the issue now before the court, and, if the other is admitted, it will stand undenied and unchallenged. For this reason, had an application been made at the final hearing to admit it, it must have been rejected altogether, or only granted on such terms as would have afforded the com-

plainant a reasonable opportunity to disprove it. Until made evidence on *the* issue of the suit, the complainant had a right to understand that it could not be used on final hearing.

The complainant is entitled to a decree.