FLORENCE JEMIMA BRAVO, petitioner,

v.

MANUEL ALBERT BRAVO, defendant.

[Decided July 21st, 1921.]

1. Condonation of adultery is always conditional that the pardoned party shall in the future treat the other with conjugal kindness, and shall not only refrain from a repetition of the offence forgiven, but shall also refrain from committing any other offence which falls within the cognizance of a matrimonial court.

2. A wife's condonation of her husband's adultery did not preclude her from obtaining a divorce on the ground of adultery when her condonation was followed by extreme cruelty, desertion and association with other women justifying the wife in revoking the condonation.

On exceptions to master's report.

*Messrs. Fleming & Handford*, for the exceptions.

BACKES, V. C.

The petition charges adultery. The master to whom it was referred found the charge to be true, but also found that the offence had been condoned, and, therefore, advised against a divorce, to which exceptions were taken.

The testimony satisfactorily establishes both findings, but the master disregarded the fact that the forgiveness had been forfeited by the husband's later conduct. The offence took place in 1914, while the parties were living in Brooklyn, and it occurred in their home. They continued to live together in New York, and then for five years, until August 24th last, in Bayonne, when the defendant deserted the petitioner. It is abundantly established by the proofs that after the petitioner forgave the defendant, and during their cohabitation thereafter, he treated her harshly, sometimes brutally, and rarely gave her adequate sup-

port; he continued to consort with other women—strangers to his wife—and habitually boasted to her and others of his conquests; and it is a fair inference that he again lapsed into sin, perhaps, many times. He deserted her upon a number of occasions, and for protracted periods, finally in August last.

Condonation is always conditional, the condition being that the pardoned party shall in the future treat the other with conjugal kindness. And by this is meant that he shall not only refrain from a repetition of the offence forgiven, but shall also refrain from committing any other offence which falls within the cognizance of a matrimonial court. *Warner* v. *Warner, 31 N. J. Eq. 225; Leech* v. *Leech, 82 N. J. Eq. 472.* The condition of the pardon was broken by the defendant's extreme cruelty, his desertions, and his concupiscence, coupled with his promiscuous association with women, and the wife was justified in revoking the condonation. She is entitled to a divorce.

The exceptions to the master's report will be sustained.