ELLA REMOND, petitioner-appellant,

v.

CHARLES G. REMOND, defendant-respondent.

[Submitted December 10th, 1923.    Decided March 3d, 1924.]

1. When the two-year period of desertion made by the statute a ground for divorce has once elapsed, the desertion becomes permanently established, and its character continues until the filing of the petition, unless sooner brought to an end by the act of the injured spouse.

2. The fact that in a prior suit by the husband, his petition for divorce, and the cross-petition of his wife, were dismissed by the court of chancery, is no bar to the wife's later action for divorce, it appearing that such dismissal was without prejudice.

3. The fact that, after the husband's prior suit for divorce had been dismissed by the court of chancery, he took an appeal before the present suit was brought by his wife, is no bar to the present action, it appearing that the appeal was dismissed *nunc pro tunc*, as of a date prior to the filing of the petition in the present case.

On appeal from a decree of the court of chancery.

*Messrs. William St. John Tozer* and *W. Ludlow James,* for the appellant.

The opinion of the court was delivered by

TRENCHARD, J.

On October 10th, 1919, Ella Remond, the present appellant, filed a petition in the court of chancery for divorce from her husband upon the ground of desertion. The petition charged the defendant with having deserted the petitioner in the month of April, 1913, ever since which time, and for more than two years then last past, the defendant had willfully, continuedly and obstinately deserted the petitioner.

The defendant filed no answer and entered no appearance.

The special master, to whom the case was referred, took proofs, and found, among other things, such charge respecting desertion to be true, and reported that a decree for divorce should be granted.

But the advisory master considered that "under the rule laid down in *McLaughlin* v. *McLaughlin, 90 N. J. Eq. 322,* the petitioner is not entitled to the relief therein prayed," and advised that the petition be dismissed.

We are of the opinion that the learned advisory master misapprehended the precise state of the undisputed proofs. The evidence showed conclusivly that the desertion occurred April 26th, 1913; since which time, and for more than two years, the defendant had willfully, continuedly and obstinately deserted the petitioner.

Now, in *McLaughlin* v. *McLaughlin, super,* it was properly held that in a suit for divorce for desertion none of the time occupied by the pendency of a former proceeding for divorce by one of the parties against the other can be computed as part of the time of the desertion in the later case; that this is so whether the same party is petitioner in both cases or is petitioner in the later one and the defendant in the prior one, or *vice versa,* provided the first suit was *bona fide.* See also *Barbour* v. *Barbour, 94 N. J. Eq. 7.*

But the principle of the *McLaughlin Case,* when applied to the facts of the instant case, does not justify a denial of the divorce. It is true that on October 16th, 1917, the defendant herein (the husband) began a suit for divorce on the ground of desertion against his wife, the present petitioner, and that she filed a cross-petition, both of which were dismissed without prejudice. But it is to be observed that the husband's suit was not commenced until October 16th, 1917, which was after the right of the wife to divorce had become complete, on April 26th, 1915. Now, the rule is that when, as here, the two-year period of desertion made by the statute a ground for divorce has once elapsed, the desertion becomes permanently established and its character continues until the filing of the petition, unless sooner brought to an

end by the act of the injured party. *Gordon* v. *Gordon,* *89 N. J. Eq. 535.*

The fact that, in the prior suit by the husband, his petition for divorce, and the cross-petition of his wife, were dismissed by the court of chancery, is no bar to the wife's present action, since it appears that both were dismissed without prejudice. *English* v. *English, 27 N. J. Eq. 579.*

The fact that, after the husband's prior suit had been dismissed, he took an appeal before the present suit was brought by his wife is no bar to this action, since it appears that the appeal was dismissed by this court on February 4th, 1920, *nunc pro tunc* as of February 4th, 1919, a date prior to the filing of the petition in the present case.

The decree brought up will be reversed and the record remitted to the court of chancery for further proceedings, in accordance with the views herein expressed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, GARDNER, VAN BUSKIRK, CLARK—10.