## WILLIAM BAGDAN *vs.* ANNA KOLBACK BAGDAN.

Third Judicial District, New Haven, January Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Condonation of a divorceable offense is in law conditional upon future good behavior; and therefore a repetition of such offense, or the commission of any other act or acts which would justify a divorce, will annul the condonation and revive the original cause of action.

Argued January 18th—decided March 6th, 1924.

ACTION for a divorce for alleged adultery and intolerable cruelty, brought to and tried by the Superior Court in New Haven County, *Jennings, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

*Morris L. Robin,* with whom, on the brief, was *Sidney S. Cassel,* for the appellant (defendant).

*Michael V. Blansfield* and *Herman B. Engelman,* for the appellee (plaintiff.)

Curtis, J. This suit for a divorce was made returnable in February, 1922. The complaint alleged intolerable cruelty and adultery as the grounds of action. The defendant in her answer denied the essential allegations of the complaint, and also alleged specially that the plaintiff had condoned the acts of intolerable cruelty committed before January 15th, 1921, and the adultery charged. This the plaintiff denied.

The court found as follows: The defendant committed adultery with one Bloomstein on various occasions before December 28th, 1920, and the plaintiff in December, 1920, became aware of this misconduct and ceased to live with the defendant.

On January 15th, 1921, the parties sought to reestablish their home and domestic relations because of their two young children, and on that date entered into a written agreement for a reconciliation, in which she agreed to properly conduct herself in all particulars in the future, upon his agreement to disregard her former misconduct and support her and take her into his home in normal relations.

The parties thereupon began housekeeping with their children and living together in normal marital relations in pursuance of the agreement. The defendant shortly thereafter began and continued to practice cruelty toward the plaintiff of such a character as to constitute intolerable cruelty and entitle him to a divorce; the plaintiff thereupon began this suit alleging intolerable cruelty and the adultery which took place before the agreement as to reconciliation of January 15th, 1921, and the cohabitation as above in pursuance of it.

The plaintiff claimed that the intolerable cruelty of the defendant after the execution of the reconciliation agreement in January, 1921, not only entitled the plaintiff to a divorce upon that ground, but also obviated the condonation of her adultery arising from his resumption of marital relations with the defendant in pursuance of that agreement.

The trial court sustained this claim of the plaintiff and granted him a divorce upon both grounds. The defendant appealed from the decree in so far as it granted a divorce upon the ground of adultery. The defendant claims that the reconciliation agreement and subsequent cohabitation rendered the prior adultery forever invalid as a ground of divorce. But this claim ignored the fact that the reconciliation agreement was made upon condition that the defendant would properly conduct herself in all particulars thereafter, and this the defendant has failed to do, and as a consequence the original offense has been revived. Aside from this agreement the law, upon the facts, revived the original offense.

The law is well settled that an offense which has been condoned may be revived not only by a repetition of the same offense, but also by the subsequent commission of other marital offenses constituting a ground of divorce. 2 Bishop, Mar., Div. & Sep., § 308–§ 323; 19 Corpus Juris, p. 87, § 203; *Leech* v. *Leech*, 82 N. J. Eq. 472, 475, 89 Atl. 51; *Bravo* v. *Bravo*, 93 N. J. Eq. 56, 114 Atl. 790.

The defendant by her conduct after the execution of the agreement of reconciliation of January 15th, 1921, which constituted intolerable cruelty to the plaintiff, revived as grounds of divorce the defendant's infidelity prior to the agreement. Otherwise this infidelity would have been condoned. The condonation involved in their cohabitation was, under their conditional agree-

ment and also in law, conditional upon her subsequent freedom from marital misconduct. Her subsequent marital misconduct was a breach of this condition and annulled the condonation.

There is no error.

In this opinion the other judges concurred.