ALICE S. PURCELL *vs.* FRANK J. PURCELL.

First Judicial District, Hartford, October Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Whether the defendant in a suit for a divorce was habitually intemperate, as alleged by the plaintiff, is a question for the determination of the trial court, and its conclusion, unless unreasonable, will not be disturbed by this court upon appeal.

The subordinate facts in the present case reviewed and the conclusions of the trial court thereon, to the effect that the defendant had not been guilty of intolerable cruelty nor of habitual intemperance, sustained.

A finding will be corrected only where facts are found without evidence, or undisputed and material facts are omitted.

It is no ground of appeal that the trier did not attach the weight to certain testimony the appellant deemed that it merited.

It is only when the cumulative effect of the defendant's cruelty upon the suffering victim has become such that the public and personal objects of matrimony have been destroyed beyond rehabilitation, that the condition of fact contemplated by the intolerable-cruelty clause of the statute should be found to exist.

In order to annul the condonation of a divorceable offense and revive the original cause of action, proof of the repetition of such offense,

or of some other offense furnishing an independent ground of divorce, is essential.

The plaintiff offered in evidence a letter written by a third person to the defendant to show that the latter was intimate with another woman. *Held* that the letter was properly excluded, its statements being merely hearsay and irrelevant to the ground of divorce alleged by the plaintiff.

Argued October 7th—decided October 21st, 1924.

ACTION for a divorce, brought to and tried by the Superior Court in Hartford County, *Hinman, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

The trial court found that the parties intermarried on January 14th, 1915; that shortly after their marriage the defendant returned home one night so intoxicated as to make it necessary for the plaintiff to assist him to undress and get to bed, and that thereafter for three or four years he frequently returned home intoxicated. The conduct of the defendant when intoxicated annoyed and humiliated the plaintiff, and caused her to be distressed in mind and nervous. Since the advent of prohibition the defendant's use of liquor has been much diminished. Since June, 1923, he has obtained a pint of liquor at least ten times upon physician's prescriptions. The defendant's habit of drinking was never during his married life such as to disqualify him from attending to his business, or to produce want in the family, or to cause him to lose time in performing his duties as a mail carrier.

Both plaintiff and defendant worked steadily throughout their married life and earned enough to provide for their joint needs and comfort.

The defendant when under the influence of liquor frequently used toward his wife, and in her presence, violent, profane and obscene language, and commented in an unkind and offensive manner upon the inability of the plaintiff to bear children. The defendant when

intoxicated frequently brought home intoxicated friends and required the plaintiff to assist in entertaining them. On one such occasion the plaintiff was obliged to give up her bed to such a friend, while she slept on a cot in an adjoining room, and she was awakened in the night and saw the friend standing near her.

In 1921, the defendant, while intoxicated, struck the plaintiff blackening her left eye, and threw an alarm clock at her during a quarrel regarding a man with whom the defendant accused the plaintiff of being too friendly. The plaintiff then left the defendant, but a few days later they resumed living together and so continued until August, 1923.

For some time prior to the quarrel which resulted in their separation in August, 1923, the defendant objected to attentions which, he claimed, she was receiving from a man named Foley. In the course of such a quarrel the defendant told the plaintiff she must choose between Foley and him. Shortly after this quarrel the plaintiff left the defendant and has not since lived with him.

Shortly after the plaintiff left the defendant she expressed a willingness to again live with him, but he told her he would not take her back so long as she wore the rings that had belonged to the deceased wife of Foley.

From the foregoing facts the court reached the following conclusions: 1. The plaintiff had failed to sustain either the charge of intolerable cruelty or that of habitual intemperance. 2. If, at the time the plaintiff first left the defendant about four years ago, his acts and conduct toward the plaintiff might then have satisfied the requirements of divorce on the ground of intolerable cruelty, the plaintiff by her subsequent conduct had condoned the same.

*William M. Harney,* for the appellant (plaintiff).

*Jacob Schwolsky*, with whom was *George Schwolsky*, for the appellee (defendant).

CURTIS, J.  Unless the finding be materially corrected it cannot reasonably be claimed that the judgment was not properly rendered for the defendant.

The plaintiff seeks to have the finding corrected by exceptions taken to certain facts found, and to the failure to find certain facts as requested by her; and the testimony given by each of the parties has been duly made a part of the record to aid in securing these corrections.  An examination of the evidence printed fails to disclose that the court found any fact without evidence, or that it failed to find any material facts which were admitted or undisputed facts.

The main complaint of the plaintiff is, in substance, that the trial court did not attach the weight to the testimony of the plaintiff that she deemed it entitled to. But it is not a permissible ground of appeal that the court found a fact against the weight of the evidence.

The conclusions of the Superior Court from the subordinate facts found, to the effect that the defendant was neither guilty of intolerable cruelty nor of habitual intemperance, were not erroneous, either as illegal or illogical conclusions.

The subordinate facts found as to intoxication, as set forth in the statement of facts, do not disclose that the defendant's use of intoxicants was so gross as to produce want or suffering in the family, either objective or subjective, to a degree which could not reasonably be borne, or which disqualified the defendant from attending to his business; under these circumstances, the conclusion that the subordinate facts did not establish habitual intemperance, cannot be held to be illegal or illogical.  *Dennis* v. *Dennis,* 68 Conn. 192, 36 Atl. 34.

The subordinate facts as to his conduct which are claimed to have established intolerable cruelty, show acts of cruelty, but fail to show so conclusively that we can hold as a matter of law that their cumulative effect upon the wife had become such that the public and personal objects of matrimony had been destroyed beyond rehabilitation, and the continuance of the marriage relation made unbearable because of them. As we said in *McEvoy* v. *McEvoy*, 99 Conn. 427, 122 Atl. 100: "It is only when the cumulative effect of the defendant's cruelty upon the suffering victim has become such that the public and personal objects of matrimony have been destroyed beyond rehabilitation, that the condition of fact contemplated by the intolerable cruelty clause of the statute . . . should be found to exist." The fact that the plaintiff expressed a willingness to again live with the defendant shortly after she left him in August, 1923, practically establishes that the court did not illegally or illogically arrive at the conclusion that the plaintiff had failed to sustain the charge of intolerable cruelty. *Van Guilder* v. *Van Guilder*, 100 Conn. 1, 122 Atl. 719.

The plaintiff claims that the trial court misconstrued the effect of the condonation by the plaintiff of the misconduct of the defendant in 1921. She claims that the trial court held that such misconduct amounted to a ground of divorce which she condoned, and she insists that such condonation was annulled by her testimony tending to show intolerable cruelty after the condonation. Assuming—what the record does not show—that the cruel conduct of the defendant in 1921, which was condoned by the plaintiff, furnished her a ground of divorce, it was necessary, in order to annul that condonation and re-establish that cruelty as a ground of divorce, to prove that the defendant after the condonation was guilty of cruelty or other marital offense which

furnished the plaintiff an independent ground of divorce. This the plaintiff failed to do. *Bagdan* v. *Bagdan,* 100 Conn. 521, 123 Atl. 841. The finding discloses that, after the so-called condonation, the defendant was not guilty of any conduct which gave the plaintiff a new ground of divorce.

There is a claimed error as to a ruling upon the admission of evidence. The plaintiff on the trial, in the cross-examination of the defendant, produced a letter which the defendant admitted he had received by mail from a woman friend, and offered it in evidence, and, upon objection, stated the ground of her offer as follows: "We want to show and hope to show by this letter . . . that the defendant was having intimate relations with another woman." The contents of this letter were merely the hearsay statements of a third person, and further were claimed to relate to a subject not set up as a ground of divorce in this suit. The court properly excluded the letter.

There is no error.

In this opinion the other judges concurred.