MATILDA PALMER *vs.* JASPER PALMER.

Third Judicial District, Bridgeport, October Term, 1927.

WHEELER, C. J., HAINES, HINMAN, BANKS and FOSTER, Js.

A request to correct a finding by striking out substantially all of its paragraphs, and substituting therefor all of the pararaphs of the draft-finding, not only violates our rules and practice but awakens the distrust of this court as to the propriety of the appeal.

Condonation of a ground for divorce must be followed by conduct on the part of the guilty party destroying its effect, before the cause of action can be revived.

Argued October 25th—decided December 12th, 1927.

ACTION for a divorce upon the alleged grounds of adultery and intolerable cruelty, brought to the Superior Court in New Haven County and tried to the court, *Ells, J.;* judgment for the defendant, and appeal by the plaintiff. *No error.*

*Jeremiah D. Shea,* with whom, on the brief, was *Arthur B. O'Keefe,* for the appellant (plaintiff).

*Michael J. Quinn,* for the appellee (defendant).

PER CURIAM. Unless the finding be materially corrected it cannot reasonably be claimed that judgment was not properly rendered for the defendant. The plaintiff seeks to have the finding corrected by striking out all the paragraphs of the finding, except a few covering matters that were not in dispute, and by inserting in their place substantially all of the paragraphs of the draft-finding. Such an attempt to procure the substitution of the draft-finding for the entire finding of the court not only violates our rules and practice but awakens the distrust of this court as to the propriety of the appeal. *Gallaher* v. *Southern New England Telephone Co.,* 99 Conn. 282, 290, 121 Atl. 686. Our examination of the evidence fails to disclose that the court found any fact without evidence, or that it failed to find any material facts which were admitted or undisputed.

The complaint charged the defendant with intolerable cruelty and adultery. The subordinate facts found support the conclusion of the court that the defendant was not guilty of intolerable cruelty toward the plaintiff and that he had not committed adultery.

The plaintiff claims that her condonation of the alleged misconduct of the defendant in 1923 was annulled by her testimony tending to show further misconduct of the defendant after the condonation.

Assuming—what the record does not show—that the defendant was guilty of misconduct in 1923 which was condoned by the plaintiff, the finding discloses that, after the so-called condonation, the defendant was not guilty of any conduct which destroyed the effect of her condonation. *Bagdan* v. *Bagdan,* 100 Conn. 521, 123 Atl. 841; *Purcell* v. *Purcell,* 101 Conn. 422, 126 Atl. 353.

There is no error.