## JEREMIAH CAMAROTTA *vs.* CHRISTIAN J. KLING.

Third Judicial District, Bridgeport, October Term, 1928.
WHEELER, C. J., MALTBIE, HAINES, BANKS and YEOMANS, Js.

Argued November 2d—decided December 18th, 1928.

*DeLancey S. Pelgrift,* for the appellant (defendant).

*Bertrand B. Salzman,* for the appellee (plaintiff).

BANKS, J.   The defendant seeks to have the finding corrected by striking out substantially all of the paragraphs covering matters which were in dispute and substituting numerous paragraphs of the draft-finding, the result of which would leave the judgment without material support in the facts found and require a contrary conclusion to that reached by the trial court.   It would be rare indeed that a finding could properly be attacked in this manner, and we have heretofore called

attention to the violation of good practice and of our rules involved in such an attempt to procure the substitution of the draft-finding for the entire finding of the court. *Gallaher* v. *Southern New England Telephone Co.*, 99 Conn. 282, 290, 121 Atl. 686; *Palmer* v. *Palmer*, 107 Conn. 89, 90, 139 Atl. 507. Our examination of the evidence fails to disclose that the court found any fact without evidence or that it failed to find any material facts which were admitted or undisputed.

This action grew out of a collision between plaintiff's and defendant's automobiles at a street intersection which the defendant's automobile was approaching from the plaintiff's right. The defendant claimed that the law required the plaintiff to yield the right of way to the defendant's operator, and assigns as error that the facts found do not support the conclusions of the court that the plaintiff's car reached the intersection before that of the defendant, that the defendant was negligent, and that plaintiff was free from contributory negligence. These claimed errors are to be tested by the facts found.

The collision occurred in the intersection of Munson and Mansfield streets in New Haven. Munson Street, which is about thirty-six feet wide, runs east and west and intersects and crosses Mansfield Street, which runs north and south and is about thirty feet wide. At the time of the collision, which occurred shortly after midnight, the plaintiff's car was being operated in a westerly direction on Munson Street, near the right-hand or northerly curb, at a speed of between eighteen and twenty miles an hour. The defendant's car was being operated in a southerly direction on Mansfield Street at about twenty-five miles an hour. There are certain trees and shrubbery on the northeast corner of the two streets which make it a blind corner. As the plaintiff's car approached the

corner he blew his horn and looked in both directions but did not see or hear the defendant's car until he was struck. Just as the right rear wheel of the plaintiff's car was crossing the line of the west curb of Mansfield Street extended, and when it was about five feet south of the north curb of Munson Street, it was struck, at the point where the right rear fender joins the running board, by the right front bumper and fender of the defendant's car. When the plaintiff's car entered the intersection it was plainly visible to the operator of defendant's car, who made no attempt to slacken his speed until he was about to strike the plaintiff's car, but did try to turn west into Munson Street. The defendant's car came to a stop against the southerly curb of Munson Street and west of the westerly curb line of Mansfield Street extended.

These facts fully support the conclusion of the trial court that the plaintiff's car reached the intersection first and, indeed, must have been nearly through it when the defendant's car entered it. In such case the statute (Public Acts of 1923, Chap. 246, §1) giving the right of way to a car approaching from the right when both are arriving at the intersection at approximately the same time, is not controlling. On the contrary, the plaintiff, arriving at the intersection first, had the right of way and the right to assume that the defendant would yield it to him. *Jackson* v. *Brown,* 106 Conn. 143, 137 Atl. 725. The court did not err in overruling the claim of the defendant that the law required the plaintiff to yield him the right of way.

The court's conclusions that the defendant was negligent and the plaintiff free from contributory negligence are fully supported by the subordinate facts. Not only the facts constituting the conduct of the parties, but also whether that conduct measured up to the standard of care, were to be determined by the trial

court, and its conclusions are not reviewable. *Rozycki v. Yantic Grain & Products Co.*, 99 Conn. 711, 122 Atl. 717.

The defendant's claim that the evidence was not sufficient as a matter of law to support the award of damages for personal injuries is without merit.

There is no error.

In this opinion the other judges concurred.