NELL ZIEKY *vs.* I. BECKERMAN ET AL.

First Judicial District, Hartford, January Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.
Argued January 8th—decided January 27th, 1931.

*Jacob Schwolsky,* for the appellant (plaintiff).

*Ralph O. Wells,* for the appellees (defendants).

PER CURIAM. This action grew out of a collision between an automobile owned by the plaintiff and one owned by one of the defendants and being operated at the time by her agent, the other defendant. The plaintiff's car was approaching the intersection from the right of the defendant, but the trial court found that

that of the defendant arrived at the intersection materially in advance of the plaintiff's, so that the car of the latter did not have the right of way, and that its driver was negligent in failing to observe the defendant's car and in failing to stop in time to avoid the collision. If the two cars were not approaching the intersection at approximately the same time and the defendant's entered it first, it would have the right of way. *Jackson* v. *Brown,* 106 Conn. 143, 145, 137 Atl. 725; *Camarotta* v. *Kling,* 108 Conn. 602, 604, 143 Atl. 881; *Horsfall* v. *Foley,* 111 Conn. 722, 150 Atl. 64. Recognizing this, the plaintiff seeks to have the finding corrected to show that the cars were approaching the intersection at substantially the same time, but we cannot say that there was no evidence reasonably supporting the findings and conclusions of the trial court, and they must stand. Even if there was no evidence to support the finding that the driver of the plaintiff's car gave no signal of his approach, a correction in this regard would not be material as the court based his negligence upon other grounds, which do find reasonable support in the evidence.

There is no error.