EVELYN MICHELS, petitioner-respondent,

*v.*

ARNOLD D. MICHELS, defendant-appellant.

[Argued February term, 1932.   Decided May 16th, 1932.]

*Mr. John W. Ockford,* for the appellant.

*Mr. Julius A. Kepsel,* for the respondent.

The opinion of the court was delivered by

DONGES, J.

This appeal brings up a decree of divorce granted to respondent on the ground of extreme cruelty.

The original petition was filed on August 27th, 1929, and alleged that the parties lived together until July 29th, 1929; that the husband was guilty of acts of cruelty over a long period of time, culminating in acts of violence against the person of the wife on February 16th, 1928, and February 20th, 1928; and that more than six months elapsed since the acts of cruelty charged.   Citation was served September 6th, 1929.

It appears that the parties separated on July 29th, 1929, when the wife felt she could stand it no longer, and to protect her life she left their home.   In August or September the husband came to his wife's home and when the citation

was served he left and then returned again in October or November and stayed for several months. On November 21st, 1930, the wife filed a supplemental petition for divorce, alleging acts of cruelty in December, 1929, and January, 1930. She, however, stands upon her original petition.

The appellant contends that the wife has failed to establish her allegations of extreme cruelty, and that, having resumed living with appellant, the wife condoned the alleged offenses and cannot succeed upon the basis of the charges in her original petition.

There is ample evidence that the husband was guilty of acts of extreme cruelty toward his wife; that he was an habitual drunkard; that he called her vile and abusive names; that he groundlessly accused her of immoral conduct, repeating this charge on the witness stand; that his personal habits were filthy, making it impossible for his wife to occupy the same bed with him; that his abuse and hostility finally resulted in two separate physical assaults upon her, in February, 1928, which resulted in a criminal charge against him. It is these acts of cruelty which are specifically alleged as ground for divorce. The assault is admitted.

It seems beyond question that the wife would have been justified in separating herself from her husband at that time, and after a lapse of six months would have been entitled to a divorce. However, she bore it out until July, 1929, when his conduct forced her to leave him and she then filed her suit, alleging specifically the acts preceding February 20th, 1928. This she was entitled to do. She ceased sexual relations with her husband in July, 1929, and never thereafter resumed them.

It further appears that the husband came to her home and she took him in, but did not resume sexual relations. His conduct during the time they were living together appears to have been no better than before. He was frequently drunk, filthy in habit and speech, and unkind and abusive to his wife and son. He apparently made efforts to destroy himself and his wife and son by turning on the gas late at night, on December 8th, and leaving a suicide note to his son not to

be a bum like his father, another to his father asking to be buried besides his first wife, and a third note to his wife, which was not produced. He said, in response to his wife's inquiry as to what he was doing, "I am going to kill all of us." On December 10th he set fire to a couch, and again the wife intervened to prevent dire results. It appears that he neglected to provide for his family and altogether so conducted himself as to put the respondent in a state of fear for her safety, and rendered her life with him unbearable. There was ample support for the finding of the advisory master of the charges of extreme cruelty.

The appellant asserts that the respondent, by living with him after the alleged acts of cruelty, condoned the offense and, therefore, could have no relief by reason of such acts. But this is not so.

In *Warner* v. *Warner, 31 N. J. Eq. 225,* the true rule is stated to be:

"Condonation is always conditional, the condition being that the pardoned party shall in the future treat the other with conjugal kindness. And by this is meant that he shall not only refrain from a repetition of the offense forgiven, but shall also refrain from committing any other offense which falls within the cognizance of a matrimonial court."

So that the renewed acts of cruelty of the husband rendered the alleged forgiveness by the wife valueless as a defense against her charges of prior acts of extreme cruelty. Such conduct revived the wife's right to relief for the original acts complained of.

The appellant seems to proceed upon the theory that the wife is powerless to file her petition under the statute until six months after separation, and that six months not having elapsed between final separation and the filing of the petition, no relief could be afforded the wife. But the statute provides otherwise. The six months starts to run from the last act of cruelty relied upon. *P. L. 1923 p. 494.*

As was said in *Hart* v. *Hart, 99 N. J. Eq. 373,* by Mr. Justice Kalisch, speaking for this court:

"It is to be observed that there is nothing in the act which precludes the offended party from obtaining a divorce because he or she may be living under the same roof; the only limitation that the statute imposes is that no petition for divorce shall be filed until after six months from the date of the last act of cruelty. * * * The statute fixes the right of a petitioner to file a petition for divorce six months from the date of the last act of cruelty complained of. This manifestly for the benefit of the injured party. It is left entirely up to the free determination of the injured party whether or not to submit to a continuation of the domestic relation or to sever it. The right to divorce, however, is complete and fixed at the time of the last act of cruelty."

It will be seen that the contentions of the appellant that resumption of marital relations is a condonation which will defeat relief, in a case where the wrongful conduct is persisted in if the parties live together again, or that the filing of a petition for divorce within six months of the separation will not support a decree, are entirely without merit.

The decree appealed from will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ.. 14.

*For reversal*—None.