Petitioner seeking divorce on the ground of desertion, excepts to the adverse report of the special master.
The master's report, that the material facts as to the alleged desertion have not been proven, is evidently based on the fact *Page 19 
that the parties had sexual intercourse in May, 1931, for he calls attention to the fact that this was within two years prior to the filing of the petition.
The petition, filed February 19th, 1932, alleges a desertion of over two years, commencing in May, 1928, and continuing down to the time of suit.
Examination of the record shows that the petitioner's testimony is clear in showing a willful and obstinate desertion by the wife in May, 1928, and continuing down to the commencement of the suit, except for the single instance of intercourse in May of 1931. His testimony is amply and convincingly corroborated to the extent requisite to lead to a conclusion of its truth — partly by the testimony of other witnesses, and partly by letters from the defendant (the truth of the contents of which are inherently evidenced). Moreover, the fact of his frank disclosure of the incident of May, 1931, is, in itself strong proof of his credibility: had he been disposed toward fraud or untruthfulness he would have made no such admission and would have had no fear of detection or contradiction.
The circumstances of the incident in question are, that petitioner visited defendant at her apartment in an effort at accomplishing a reconciliation, in response to an intimation from her that such reconciliation might be possible; a reconciliation was, in fact, then and there agreed on; defendant agreed to rent a house for themselves and their children and petitioner gave her $30 for that purpose; petitioner thereupon spent the night with defendant; "to make the pact binding, we had intercourse." The wife, however, did not carry out the agreement; the husband made attempts to see her and wrote her but without result or explanation until some three weeks later when she told him that after making the agreement she had again met another man in whom she was interested and had changed her mind and would not come back to live with petitioner. She used the $30 for her own purposes.
Petitioner's counsel argues that the defendant thereby committed a fraud upon petitioner; that she fraudulently induced *Page 20 
him to cohabit with her. It is possible that the accusation is true, but such is not the natural or probable conclusion indicated by the testimony: rather does it appear that at the time of the agreement for resumption of the marital relationship, she intended to perform it but changed her mind shortly thereafter.
The evidence proves a desertion of the statutory character, commencing in May, 1928, and continuing for over two years prior to May, 1931. The cause of action was complete at the expiration of two years from May, 1928, and petitioner was thereupon vested with the right to decree. Gordon v. Gordon, 89 N.J. Eq. 535.
If the incident of matrimonial intercourse had occurred prior to the completion of the two-year period of desertion required by the statute, it would have rendered the earlier desertion period of no avail to petitioner, because the statute requires that the period of desertion, as cause for divorce, shall be continuous
for two years. Mikecz v. Mikecz, 95 N.J. Eq. 39 (at p. 43).
(The view expressed in the Mikecz Case that the two-year desertion period required to constitute ground for divorce must be the two years immediately preceding the commencement of suit, was of course based upon the express statement to that effect inMyles v. Myles, 77 N.J. Eq. 265. That this is no longer the law is of course evident from the unanimous opinion of the court of errors and appeals in Remond v. Remond, 95 N.J. Eq. 650,
holding that the desertion period specified by the statute is not required to be, or to include, the two years next preceding suit; that where a two-year desertion has been completed, the subsequent pendency of other divorce proceedings between the parties during the two years next preceding the suit sub judice
does not affect the prior completed desertion.)
After the maturing of the right to divorce by the completion of a two years' willful, continued and obstinate desertion, it is in nowise requisite that during such time as may intervene prior to the commencement of suit the separation shall continue to be willful and obstinate. "Repentance by the *Page 21 
sinner, offers of return by him or her" (i.e., a cessation of the will and intent to desert, on the part of the offending spouse) "are then of no avail" (Gordon v. Gordon, supra (atp. 539), and it follows logically that if it is not necessary to prove a continuance of willful desertion during the period between the completion of two years' statutory desertion and the commencement of suit, it is equally unnecessary to prove that during that interim the separation was obstinate — that during that interim the offended spouse was willing to have the offender return.
The same thing is of course true as to the interim after the vesting of the right to divorce on any other ground. If the husband has been guilty of adultery or of such cruelty as constitutes ground for divorce, the wife has the right thereafter to insist on living separate and apart notwithstanding the husband's desire and offer to return. It would scarcely be contended that in such a case such insistence by the wife, continued for two years, would render her guilty of desertion and hence deprive her of her right to divorce for the adultery. Her separation is justifiable.
Of course the separation (though it need not thereafter be willful and obstinate) must continue after the arising of the cause for divorce up to the time of suit. A resumption of cohabitation would constitute condonation: a waiver and termination of the prior right to divorce.
Nevertheless, "condonation is always conditional, the condition being that the pardoned party shall in the future treat the other with conjugal kindness. * * * shall not only refrain from a repetition of the offense forgiven but shall also refrain from committing any other offense which falls within the cognizance of a matrimonial court." This is stated by the court of errors and appeals in Michels v. Michels, 110 N.J. Eq. 393, citingWarner v. Warner, 31 N.J. Eq. 225. In the Warner Case the offense condoned was adultery; in the Michels Case it was cruelty; but since condonation is "always" conditional it must apply equally when the offense condoned is desertion.
In the instant case there was a completed desertion and *Page 22 
matured right of action therefor; subsequent to which there was a condonation thereof by the petitioner. If that condonation was fraudulently obtained of course it could not avail defendant any more than if obtained by force or duress (Leech v. Leech,infra); but even if defendant were honest at the moment of reconciliation, the condonation was nevertheless conditional. The subsequent and immediate resumption by defendant of a willful and obstinate desertion was a breach of the condition and rendered it "valueless as a defense." Michels v. Michels, supra (at p.395).
The petitioner's right to decree is for the original cause; and it is not requisite that the subsequent matrimonial offense which avoids the condonation shall be of such character as of itself to constitute ground for divorce. Warner v. Warner, supra; Leech
v. Leech, 82 N.J. Eq. 472; Bravo v. Bravo, 93 N.J. Eq. 56;Michels v. Michels, supra.
It is concluded that the exceptions should be sustained and that petitioner is entitled to decree. *Page 23