Helen E. T. Kelly, petitioner,

*v.*

William J. Kelly, defendant.

[Decided July 8th, 1936.]

This opinion was affirmed by the Court of Errors and Appeals and reported at 121 N. J. Eq. 255.

*Messrs. Theodore Strong & Son (Mr. Stephen V. R. Strong,* of counsel), for the petitioner.

*Mr. Louis L. Hendler,* for the defendant.

Herr, A. M.

This is a suit for divorce from the bond of matrimony on the ground of extreme cruelty, under the Blackwell act. *P. L. 1923 ch. 187 p. 494; Cum. Supp. Comp. Stat. 1911-1924 p. 989 § 62-3a.*

On the facts the case of the petitioner is well proved and amply corroborated, and is met only by the uncorroborated and unconvincing denials of the defendant. The brutal conduct of the defendant toward his wife is proved to have been such as to justify the court in believing that if the defendant is allowed to retain his power over the petitioner, and she is compelled to remain subject to him, her life or her health

will be endangered, or that he will render her life one of such extreme discomfort and wretchedness as to incapacitate her to discharge the duties of a wife. The petitioner has made out a case of extreme cruelty entitling her to a decree of divorce. *Sachse* v. *Sachse, 107 N. J. Eq. 41; 151 Atl. Rep. 744.*

The defendant argues, however, that all of the evidence of acts of cruelty committed prior to January, 1933, should have been excluded because on that date there was a reconciliation between the parties. The answer is that evidence of the husband's subsequent conduct was presented for the purpose of proving, and does in fact prove, that he was guilty of a breach of the condition of the condonation. *Michels* v. *Michels, 110 N. J. Eq. 393; 160 Atl. Rep. 518.*

The defendant further insists that the court wrongly admitted evidence of defendant's conduct toward the petitioner within the period of six months immediately preceding the filing of the petition and within the period during which this suit has been pending. Such evidence was offered and admitted not as constituting in whole or in part the cause of action sued upon, but to show a breach of the condition of the condonation and to give character to the earlier acts complained of as constituting the cause of action. For both of these purposes such evidence was relevant. *Soos* v. *Soos, 14 N. J. Mis. R. 381; 185 Atl. Rep. 386.*

The petitioner is entitled to a decree.