JOHN DOE*
*vs.*
JANE DOE*

Superior Court    New London County    File No. 15406

MEMORANDUM FILED MARCH 30, 1944.

*Charles L. Stewart,* of Norwich, for the Plaintiff.

*Griswold Morgan,* of New London, for the Defendant.

MELLITZ, J.    The plaintiff seeks a divorce on the ground of adultery.    The evidence presented leaves little doubt that an adulterous relationship existed between the defendant and one William Alexander during the year 1941.    The plain-

NOTE: *For reporting purposes, the true names of the parties involved have been omitted with authority of the court.*

tiff became aware of the situation in December, 1941, and immediately thereafter the plaintiff and defendant separated and lived apart.

The plaintiff himself had innocently contributed to the defendant's lapses from the marital code, since it was through him that she first made Alexander's acquaintance. The plaintiff had invited Alexander to live in their household, and little realizing the potentialities of the situation, had encouraged the defendant to go out in Alexander's company on a number of occasions when the plaintiff felt indisposed. It was perhaps no more than just, therefore, that the plaintiff should have consented to a reconciliation after the defendant entreated him to forgive and forget the past and start life anew; and their marital relationship was renewed in July, 1942. The plaintiff must, therefore, be found to have condoned the defendant's prior misconduct.

During the summer of 1943, the defendant and two other female employees of the establishment where she was then employed as a waitress rented a cottage for the ostensible purpose of going off by themselves to spend the two evenings a week during which they were not required to be at their employment. The defendant told the plaintiff of the arrangement but not the location of the cottage. She told him that male visitors were not to be welcome there. As plaintiff's counsel aptly described it, it was to be a "no man's land" as far as the plaintiff was concerned. The plaintiff's suspicions became aroused and he eventually discovered the location of the cottage. With several friends he went to the vicinity of the cottage on a number of evenings and observed the defendant and her companions entertaining male visitors. One night during the latter part of July, the plaintiff and two of his friends went out to the cottage and, stationing themselves some distance away, kept it under surveillance for a number of hours. The defendant and one of her female companions were observed at the cottage. At about 10:30 o'clock two male visitors arrived. In the course of the evening all were observed drinking liquor which the women provided. The four then left the cottage and drove to a restaurant where they danced and each had at least one drink of intoxicating liquor. The party returned to the cottage at about 1:15 a.m. About ten minutes later the lights were extinguished and the cottage was in darkness. The plaintiff waited about twenty

minutes, then left his companions and went up to the cottage. He stood near one of the windows, heard the voices of the defendant and one of the men, and suspecting that the two were together in one of the bedrooms, he signalled to his companions to join him. When they arrived the plaintiff hurled an object through the window while his companions simultaneously illuminated the interior of the room by means of flashlights. The defendant was discovered lying in bed with one of the men alongside her.

Upon this evidence, a finding that the defendant committed adultery is clearly warranted. Opportunity to commit the offense, and an adulterous disposition on the part of the defendant and the man found lying in bed with her, have been clearly shown. The establishment of these elements is sufficient proof of the commission of the offense. 2 *Schouler, Marriage, Divorce, Separation and Domestic Relations* (6th ed. 1921) §1567.

The plaintiff is, in any event, entitled to a finding that the defendant's misconduct annulled the condonation of her prior misconduct with Alexander in 1941. Condonation of a divorcible offense is conditional upon future rectitude of conduct on the part of the offending party. *Bagdan vs. Bagdan,* 100 Conn. 521. A condoned matrimonial offense may be revived by misconduct of the offending spouse of a character which may not be sufficient, in itself, to constitute cause for divorce. 2 *Schouler,* §1704; *Keezer, Marriage and Divorce* (2nd ed. 1923) §425; 17 *Am. Jur., Divorce and Separation,* §213, p. 259. Adultery may be revived by subsequent acts of impropriety tending toward, but falling short of, a repetition of that offense. 27 *C. J. S. Divorce,* §62, pp. 617, 618.

While the statement appears in *Bagdan vs. Bagdan, supra,* that to annul condonation the offending spouse must be guilty of a new divorcible offense, an examination of the *Bagdan* decision discloses that the particular question was not an issue in the case and was not before the court. The same is true of *Purcell vs. Purcell,* 101 Conn. 422, and *Palmer vs. Palmer,* 107 Conn. 89, in each of which the same statement is repeated on the authority of the *Bagdan* decision. The issue in the *Bagdan* case was not as to the degree of misconduct required to destroy condonation, but whether subsequent misconduct of a different kind, *i.e.,* intolerable cruelty, could revive the offense of adultery, which was the offense condoned. The

holding was that an offense which had been condoned could be revived not only by a repetition of the same offense, but also by the subsequent commission of other marital offenses. The trial court had found the subsequent misconduct of the defendant sufficient to constitute intolerable cruelty, and, in itself, a ground for divorce. There was, therefore, no occasion to consider whether subsequent misconduct short of a new and independent ground of divorce was sufficient to revive a condoned offense. The authorities cited for the statement in the *Bagdan* opinion are authority only as to the question which was directly in issue in the case. *Leech vs. Leech,* 82 N.J. Eq. 472, 475, and *Bravo vs. Bravo,* 93 N.J. Eq. 56, cited in the *Bagdan* case, are authority merely that a condoned offense may be revived by subseqùent misconduct of a different nature. They are not authority that the subsequent misconduct must of itself constitute ground for divorce. See *McGovern vs. McGovern,* 111 N.J. Eq. 18, 22, where these same cases are cited as authority that "it is not requisite that the subsequent matrimonial offense which avoids the condonation shall be of such character as of itself to constitute ground for divorce." The only other authorities cited in the *Bagdan* opinion are 2 *Bishop, Marriage, Divorce and Separation* (1891) §§308-323 and 19 C. J. *Divorce,* §203 p. 87. In each of these authorities it is said that by the great weight of authority a condoned offense may be revived by subsequent misconduct which, standing alone, might be inadequate as a ground for divorce. See 2 *Bishop,* §§320, 336, and 19 C. J. *Divorce,* §206, p. 89.

The statement in the *Bagdan* case is repeated and the *Bagdan* case is cited in the *Purcell* case and the *Palmer* case. In neither the *Purcell* case nor the *Palmer* case was the issue before the court. In neither was there a finding by the trial court that a ground for divorce existed at any time, either before or after the so-called condonation.

It is found, therefore, that the plaintiff has established the allegations of the complaint and a decree may enter for the plaintiff.

Custody of the minor child is awarded to the plaintiff with right of reasonable visitation by the defendant.