## Bivins v. Bivins

*Wade, Wade & Wade,* for plaintiff.

KURTZ, J., July 25, 1962.—This is an uncontested divorce case. Plaintiff charges that defendant did during the spring of 1956 wilfully and maliciously desert him. The proofs offered before the master would sustain that allegation.

However, plaintiff also testified that some time in June or July of 1959 or 1960, defendant gave birth to a male child but that the parties had not lived as husband and wife after the date of the desertion in 1956. The earliest time when the child could have been conceived would have been during August, 1958, a date

which falls after the statutory period for the continuance of the desertion had expired.

This situation presents several questions. May plaintiff here testify to his own non-access? If he may not do so, does the presumption that the child is legitimate prove that he had sexual intercourse with his wife after the two-year period had run? Assuming that such an act of intercourse occurred, does that act in and of itself amount to a condonation of his wife's desertion? We shall consider the last question first since its decision in the negative would obviate any necessity for the consideration of the other questions propounded and would result in our granting the decree here sought.

Of the grounds for divorce set out in the Act of May 2, 1929, P. L. 1237, sec. 10, as amended, adultery is the only one to which the defense of condonation is specifically made to apply by the statute: Act of May 2, 1929, supra, sec. 52. It has been held not to be a defense to charges of cruel and barbarous treatment and indignities to the person: Nixon v. Nixon, 329 Pa. 256 (1938); Boyer v. Boyer, 183 Pa. Superior Ct. 260 (1957); Foley v. Foley, 188 Pa. Superior Ct. 292 (1958); Jones v. Jones, 189 Pa. Superior Ct. 461 (1959).

As pointed out in Freedman, Law of Marriage and Divorce in Pennsylvania, §252, this defense is rarely asserted against the charge of desertion, probably because a reconciliation occurring at any time within the statutory period of two years will break the desertion and prevent the cause for divorce from ripening. In such circumstances it is needless for defendant to attempt to prove a technical condonation.

A situation in which the fact of intercourse was admitted to have been committed after the running of the statutory period was considered by the Court of Chancery of New Jersey in McGovern v. McGovern,

111 N. J. Eq. 18, 160 Atl. 822 (1932). That court held that any such act of intercourse would amount to a conditional condonation at best which would be readily avoided upon resumption of the desertion by the spouse originally offending. To hold otherwise would mean that a husband who goes to his deserting wife in an attempt to obtain her consent to reconciliation, and while with her participates in one act of sexual intercourse, could not take advantage of her prior desertion, complete as to length of time, if he was unsuccessful in his efforts for the resumption of the marriage. Such a result would be contrary to the policy of this Commonwealth where reconciliation and the continuation of the state of marriage are to be encouraged.

Although we find no appellate authority in this State which controls this question, there is lower court authority to the same effect as the McGovern case, supra. In Mogel v. Mogel, 1 Berks 305 (1908), it was held that prima facie, cohabitation of the parties should be taken as indicating a reconciliation but that the question of whether or not the presumption was rebutted must be determined upon the facts presented in each case. In Sterner v. Sterner, 7 Berks 249 (1915), it was decided that desertion which had matured by its having persisted for two years was not condoned because plaintiff visited his wife on three separate occasions and had intercourse with her where there was no attempt at reconciliation. On the other hand, Lewis v. Lewis, 9 Fayette 60 (1946), has held that a libellant who, after the expiration of two years of desertion, visited her husband in his home and became pregnant as the result of an act of intercourse then occurring, was barred from asserting that desertion as a ground for divorce, the court holding that her voluntary sexual intercourse is deemed conclusive evidence of full reconciliation regardless of motive or in-

tention. The court further used the following language which we think is indicative of the motivation upon which its conclusion was based: "The present action was instituted by the libellant at a time when she was still carrying an unborn child. In these circumstances to grant her a divorce on the ground of desertion would be shocking indeed." The circumstances in the case now at bar do not conform to those existing in the case just cited. We believe that it is not controlling of our judgment.

We can conceive of instances where from a resumption of marital cohabitation it might be inferred that a previous desertion which had continued for more than two years had been forgiven by the innocent spouse so that he could not thereafter assert it as a ground for divorce. See Flanigan's Estate, 22 Dist. R. 1009 (1913). However, we do not believe that this is such a case.

We point out first that this plaintiff testified that he did not live with his wife or have contact with her after the separation in the spring of 1956. Although there may be doubt as to the competency of such testimony, we believe it should be considered in proceedings of this character. This is not a filiation case, i.e., one in which the legitimacy of the off-spring is in issue. Even in such cases, the wisdom of a rule which permits a wife to testify to her extra-marital sexual conduct resulting in pregnancy, but prevents her from testifying to her huband's non-access, has been questioned. See Wigmore on Evidence, third edition, §2063. We believe, therefore, that since no question of legitimacy has been raised by the testimony now under discussion, this plaintiff's testimony goes only to the absence of a reconciliation and ought to be accepted for that purpose. The Court of Common Pleas of Cambria County has so held: Pershing v. Pershing, 15 Cambria 193 (1950). Accordingly, we hold that

plaintiff's testimony to the effect that he and his wife had not lived together as husband and wife since the separation in 1956 was admissible to show that no reconciliation had been effected even though the defendant had borne a child. Since we accept that testimony as true, we find that no reconciliation occurred. Consequently, a decree in divorce can be properly entered.

Having held that plaintiff was competent to testify to non-access with his wife in these circumstances, and that no reconciliation or condonation has been shown, we need not now decide whether, from the presumption of legitimacy alone, we may find as a fact that intercourse has taken place between the parties. An order granting the divorce will be filed with this opinion.