JOHN A. PAPILE ET AL. *v.* WALDO W. ROBINSON ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 4-6407-3298

Argued October 24, 1966—decided January 20, 1967

*Thomas L. Brayton,* of Waterbury, for the appellants (plaintiffs).

*Joseph Levine,* of Waterbury, for the appellees (defendants).

KOSICKI, J. This action, founded on fraud, was tried to the court; judgment was rendered for the defendants, and the plaintiffs have appealed. The facts found, which are not subject to any correction which would benefit the plaintiffs, are as follows: On April 15, 1963, the parties entered into a written agreement for the purchase by the plaintiffs of the defendants' house and land in Wolcott, at a price of $13,600. On April 25, 1963, the property was conveyed by warranty deed. On April 7, prior to the purchase agreement, the named plaintiff, over the telephone, asked the named defendant's wife concerning heat and electric light bills and the well which supplied the house with water for domestic use. She made no representations concerning the well or water supply but requested the plaintiff to talk to her husband, who could better answer the questions and was expected home soon. The plain-

tiff did not call back, nor was there any other meeting or conversation thereafter concerning the well and pumping system or in regard to the problem which developed sometime after the purchase and is the subject of this action. The plaintiffs moved into their house the last day of May or the first of June, 1963. Toward the end of June, two months after the conveyance, they experienced difficulties with the well which were caused by a leak in the seal of the pump. They caused a new pump to be installed late in July, 1963, and sometime later the well, which was artesian, was drilled to a lower depth at a total expense to the plaintiffs of $1800. No repair work had been done on the well, nor was any necessary, during the period of the defendants' ownership. The defendants had occupied the property for seven years, during the last three of which they were the owners. All household uses had been supplied by the well during the defendants' occupancy of the premises, the quality of the water had been tested, and, on a few occasions, the defendants had the pump examined because it operated longer than usual.

The court concluded that there was no evidence of deceit, fraud or misrepresentation and that the plaintiffs had failed to prove the allegations of their' complaint. Improperly included among the findings of subordinate facts was the conclusion that "the testimony about the damaged pump, the contaminated water and insufficient supply on the plaintiffs' case was not supported by proof of misrepresentation, fraud, expressed or implied, and therefore, not material or competent on the pleadings."

The assignment of errors consists of six paragraphs which we will consider in the order presented. The first claim is that the court erred in finding certain subordinate facts without evidence.

We have examined the transcript and conclude that, while in certain particulars there may have been some conflict in testimony, there was credible evidence which, if believed by the court, supported the subordinate facts as found. This assignment is without merit.

In their second assignment, the plaintiffs attack the court's denial in toto of the motion to correct the finding. No reasons are assigned in that motion, with the exception of the paragraphs based on the claim of fraudulent nondisclosure, which we shall consider hereinafter. To a very large extent, the facts which the plaintiffs seek to have added to the finding were not admitted or undisputed, and there was evidence to support the facts which were found and which the plaintiffs seek to have stricken. We cannot substitute the plaintiffs' version of the facts for those found by the court. We cannot retry the case. The trier is the sole arbiter of the weight and credibility to be accorded to the testimony of the witnesses. If the trial court accepts testimony it reasonably believes to be credible, we cannot say that there was no evidence reasonably supporting the findings, and the finding cannot be disturbed. *Metz* v. *Hvass Construction Co.,* 144 Conn. 535, 537; *Grote* v. *A. C. Hine Co.,* 148 Conn. 283, 287; *Zieky* v. *Beckerman,* 112 Conn. 688, 689.

The principal issue stressed by the plaintiffs on the trial was fraud. "[F]raud is not to be presumed, but must be strictly proven. The evidence must be clear, precise and unequivocal . . . ." *Basak* v. *Damutz,* 105 Conn. 378, 382; *Burley* v. *Davis,* 132 Conn. 631, 634; *Kulukundis* v. *Dean Stores Holding Co.,* 132 Conn. 685, 689; *Bruneau* v. *W. & W. Transportation Co.,* 138 Conn. 179, 182. "Fraud and misrepresentation cannot be easily defined because they can be accomplished in so

many different ways. They present, however, issues of fact." *Hathaway* v. *Bornmann,* 137 Conn. 322, 324.

The elements necessary to sustain such an action as is before us are that "(1) a representation [was] made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made for the purpose of inducing the other party to act upon it; (4) that the latter was in fact induced to act thereon; and (5) that he did so act to his injury. . . . The . . . [plaintiffs] cannot prevail upon this appeal therefore if either of the court's conclusions was warranted." *Helming* v. *Kashak,* 122 Conn. 641, 642.

The simple issue of fact was whether the defendants induced the plaintiffs to buy the property when the defendants knew that the pump was defective and the well failed to supply water sufficient and adequate for household purposes, but fraudulently represented to the contrary. As to the pump, the difficulty occurred after the sale, and its replacement was further necessitated by the drilling of the well to a far greater depth. The increased water supply thus gained is indicative of the plaintiffs' wise judgment and prudence, because the deepening of the well dropped the source to a lower water table, where dry spells and adjoining wells would be least likely to affect a continuous and abundant supply. The court failed to find that any misrepresentations were made by the defendants. Even though the testimony of the named plaintiff was accepted as true, it would not necessarily follow that the plaintiffs were falsely misled to their injury. The words "sufficient" and "adequate" are elastic and possess so much latitude of meaning as to constitute mere statements of opinion rather than expressions of precise facts. See *Gustafson* v. *Rustemeyer,* 70 Conn. 125, 132.

In their trial brief, the plaintiffs for the first time raised the question whether the defendants, by failing to inform the plaintiffs of the known condition of the well, were liable to them for the loss caused by such nondisclosure. See Restatement, 3 Torts § 551. The rule is fully stated in *Gayne* v. *Smith,* 104 Conn. 650, 652: "A vendor of property may not do anything to conceal from the vendee a material fact affecting it, or say or do anything to divert or forestall an intended inquiry by him, or deliberately hide defects, for, in so doing, he is not merely remaining silent but is taking active steps to mislead. So the surrounding circumstances may be such that the effect of his silence is actually to produce a false impression in the mind of the vendee, and the making of an agreement or doing of some other act may in itself lead the vendee to believe that a certain fact exists and so amount to an affirmation of it. So the vendor may stand in such a relationship of trust and confidence to the vendee that it is his duty to make a full disclosure. But, these instances aside, the general rule is that the silence of a vendor with reference to facts affecting the value or desirability of property sold cannot give rise to an action by the vendee to set aside the transaction as fraudulent. Certainly this is true as to all facts which are open to discovery upon reasonable inquiry by the vendee." See *Egan* v. *Hudson Nut Products, Inc.,* 142 Conn. 344, 348; *Hays* v. *McGinness,* 208 Ga. 547.

The remaining assignments of error are directed at the court's memorandum of decision and are not properly before us.

There is no error.

In this opinion DEARINGTON and LEVINE, Js., concurred.